[607 NYS2d 49]

In the Matter of R. Dennis Callagy, an Attorney, Resignor.

Second Department, January 24, 1994

### APPEARANCES OF COUNSEL

*R. Dennis Callagy,* resignor *pro se.*

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

R. Dennis Callagy has submitted an affidavit dated October 27, 1993, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Callagy was admitted to the practice of law by the Appellate Division of

the Supreme Court, Second Judicial Department, on March 6, 1974.

Mr. Callagy acknowledges that he is the subject of an investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning allegations that he has been practicing law in Massachusetts without being duly admitted, that he has not reregistered as an attorney and counselor-at-law with the Office of Court Administration, that after representing his brother and sister-in-law in the sale of their home, he failed to remit to them $200,000 due and owing to them, and that after obtaining legal counsel for his brother at the cost of $37,500, Callagy informed his brother that the fee was $200,000 and subsequently received approximately $110,000 towards that fee from his brother. Mr. Callagy acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Mr. Callagy further acknowledges that his resignation is freely and voluntarily tendered, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He further acknowledges that he is submitting his resignation subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, and he acknowledges the continuing jurisdiction of this Court. Mr. Callagy is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and specifically waives the opportunity to be heard in opposition thereto.

Counsel to the Grievance Committee has recommended that this Court accept the resignation. Under the circumstances, the resignation of R. Dennis Callagy as a member of the Bar is accepted and directed to be filed. Accordingly, R. Dennis Callagy is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and SANTUCCI, JJ., concur.

Ordered that the resignation of R. Dennis Callagy is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, R. Dennis Callagy is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that R. Dennis Callagy shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, R. Dennis Callagy is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.